UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| KIM-NGOC THI NGUYEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 23-cv-01154 (APM) |
| ) | |
| CARLOS DEL TORO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

**I.**

Plaintiff Kim-Ngoc Thi Nguyen has been employed by the U.S. Navy for over 18 years. Am. Compl., ECF No. 8, ¶ 11 [hereinafter Compl.]. She brings this case against Defendant Carlos Del Toro, in his official capacity as Secretary of the U.S. Department of the Navy, alleging claims of retaliation, hostile work environment, and discrimination based on sex, race, and national origin under Title VII of the Civil Rights Act of 1964.

Before the court is Defendant's Motion to Dismiss Amended Complaint or, In the Alternative, for Summary Judgment. Def.'s Mot. to Dismiss, ECF No. 11 [hereinafter Def.'s Mot.]. The court assumes the parties' knowledge of the facts and allegations, so will reference them only as needed to resolve the motion. Applying the relevant principles under Federal Rule of Civil Procedure Rule 12(b)(6), the court grants in part and denies in part Defendant's motion.

**II.**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In evaluating a Rule 12(b)(6) motion to dismiss, the court must accept a plaintiff's factual allegations as true and "construe the complaint 'in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged.'" *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)); s*ee also* Fed. R. Civ. P. 12(b)(6).

### III.

*Retaliation.* To make out her retaliation claim (Count I), Plaintiff must allege that she was "engaged in protected activity"; she "was subjected to adverse action by the employer"; and "there existed a causal link between the adverse action and the protected activity." *Smith v. Dist. of Columbia*, 430 F.3d 450, 455 (D.C. Cir. 2005) (quoting *Jones v. Wash. Metro. Area Transit Auth.*, 205 F.3d 428, 433 (D.C. Cir. 2000)).

Plaintiff alleges the following adverse actions: (1) a Notice of Proposed Suspension issued on September 6, 2018, and (2) a five-day suspension issued on January 4, 2019. Compl. ¶ 66. Plaintiff also references a number of other incidents, including (3) a June 29, 2018 meeting between her supervisor and colleagues, (4) an August 7, 2018 Memorandum for the Record summarizing the June 2018 meeting, and (5) a September 14, 2018 meeting that she was unable to attend due to her placement on administrative leave. Compl. ¶¶ 70–78. Defendant asserts that the Proposed Suspension, June 2018 Meeting, August 2018 Memorandum, and September 2018 meeting do not rise to adverse actions. Def.'s Mot. at 6–8.

The Court agrees as to the two meetings and the memorandum. No reasonable worker would be "dissuaded . . . from making or supporting a charge of discrimination" based solely on these incidents. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)). The court, however, disagrees as to the Notice of Proposed Suspension because, viewed in the light most favorable to Plaintiff, the complaint alleges, based on timing alone, a plausible connection between the proposed suspension and Plaintiff's placement on administrative leave. Compl. at ¶¶ 37–38, 48–50. Such a consequence could plausibly dissuade a worker from making further charges of discrimination.

With respect to the actual suspension, Defendant argues that the complaint fails to plead facts establishing a causal link between the discipline and Plaintiff's prior EEO activity. Def.'s Mot. at 9–11. But that position fails to consider that Plaintiff alleges that one of her supervisors, Mr. O'Toole, set into motion a series of events that led to her suspension. Compl. ¶¶ 70–84. It is plausible that he harbored a retaliatory animus that resulted in the final suspension. The "consistent sequence of events in a follow-the-bouncing-ball format" is sufficient at this stage to establish the requisite causal link, Plaintiff's Opp'n. to Def.'s Mot., ECF No. 13, at 10 [hereinafter Pl.'s Opp'n.]. *See Walker v. Johnson*, 798 F.3d 1085, 1095 (D.C. Cir. 2015) (describing "cat's-paw" discrimination liability).

*Hostile Work Environment.* To make out a hostile work environment claim (Count II), a plaintiff must show that she was subjected "to discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Baloch v. Kempthorne*, 550 F.3d 1191, 1201 (D.C. Cir. 2008) (internal quotation marks omitted).

Defendant contends that the "employment actions identified by Plaintiff . . . fail to rise to the level of severe or pervasive conduct." Def.'s Mot. at 12. This is a close call, because Plaintiff identifies various other discriminatory workplace incidents in addition to the employment actions discussed. *See* Pl.'s Opp'n at 12–13. Although these allegations are less than fulsome as to individual discriminators and management's knowledge of them, drawing all reasonable inferences in Plaintiff's favor, she has made out a plausible hostile work environment claim. The court thus denies Defendant's motion as to this count.

*Discrimination.* Plaintiff asserts a claim of discrimination based on her sex, race, and national origin (Counts III and IV). She alleges the following adverse actions: (1) the denial of pay increases, (2) a letter of reprimand in April 2018 based on allegations in anonymous complaints, (3) the Notice of Proposed Suspension, and (4) the actual suspension. Compl. ¶ 107. With respect to the denial of pay increases and the letter of reprimand, the court agrees that these claims were not administratively exhausted. Def.'s Mot. at 14–18. Plaintiff's appeal to equity does not warrant a different conclusion. *See* Pl.'s Opp'n at 13–18.

With respect to the Notice of Proposed Suspension, Defendant argues that it is not an actionable adverse employment action. Def.'s Mot. at 18–21. As discussed above, however, there is at least a plausible connection between the suspension and the administrative leave to satisfy the adversity requirement. Moreover, Defendant asks the court to find that only "personnel actions" under the Civil Service Reform Act are actionable under Title VII's federal sector provision. Def.'s Mot. at 19–21. The court does not reach that question here, but notes that Defendant's own proposed definition includes "disciplinary or corrective action." 5 U.S.C. § 2302(a)(2)(A)(iii).

Finally, Defendant argues that as to the actual suspension Plaintiff fails to allege facts from which to infer that the discipline was related to a protected classification. Def.'s Mot. at 21–24.

4

Plaintiff does, however, generally plead disparate treatment based on comparators. Compl. ¶¶ 99–103, 110–13. It is unrealistic at this stage to expect Plaintiff to identify all particulars to survive a motion to dismiss. *See* Pl.'s Opp'n at 22 (noting the lack of access to detailed information regarding comparator evidence). Accordingly, Plaintiff's disparate treatment claim survives.

### IV.

In conclusion, the court grants in part and denies in part Defendant's Motion to Dismiss Amended Complaint or, In the Alternative, for Summary Judgment, ECF No. 11. Defendant's motion is granted in part as to Count I insofar as Plaintiff bases her retaliation claim on the June 2018 Meeting, August 2018 Memorandum, and September 2018 meeting. Defendant's motion is denied as to Count II. Defendant's motion is granted as to Counts III and IV insofar as they rest on the denial of pay increases and the letter of reprimand, as Plaintiff failed to exhaust those claims. The remaining aspects of those counts make out plausible claims.

Dated: October 4, 2024

Amit P. Mehta
United States District Judge