UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KIM-NGOC THI NGUYEN,

    *Plaintiff*,

v.

TERENCE EMMERT, *Acting Secretary, U.S. Department of the Navy*,[1]

    *Defendant*.

Civil Action No. 23-01154 (AHA)

## **Memorandum Opinion**

Plaintiff Kim-Ngoc Thi Nguyen filed this employment discrimination action in April 2023. After motions practice and the filing of an answer, counsel for Nguyen moved to withdraw in November 2024. ECF No. 23. Counsel mailed and emailed Nguyen a copy of the motion to withdraw, advising her to retain new counsel and to notify the Court in writing within seven days if she intended to continue the case pro se. ECF No. 23-2. Nguyen did not do so. The Court scheduled a conference for January 10, 2025, and directed Nguyen to personally appear along with her counsel. Min. Order (Dec. 30, 2024). Counsel made several attempts to notify Nguyen of the conference, but she did not appear. *See* ECF No. 25. The Court granted counsel's motion to withdraw and ordered Nguyen to advise the Court by February 10, 2025, whether she intended to retain new counsel or to proceed pro se. Min. Order (Jan. 13, 2025). The Court warned that if Nguyen failed to advise the Court of how she intended to proceed, the action could be dismissed for failure to prosecute. *Id.* Nguyen has not responded to the Court's order.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting Secretary of the Navy Terence Emmert is "automatically substituted" as the defendant.

The Court may dismiss a case for failure to prosecute "upon the Court's own motion." Local Civ. R. 83.23; *see Peterson v. Archstone Cmtys. LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011) ("District courts have inherent power to dismiss a case *sua sponte* for a plaintiff's failure to prosecute or otherwise comply with a court order."). Here, Nguyen failed to comply with the Court's order that she appear at the January 10 conference. She has also failed to respond to the Court's order directing her to advise the Court whether she intends to proceed pro se, despite the deadline having passed over a month ago and despite the Court's warning that her case could be dismissed. The Court accordingly dismisses this action without prejudice for failure to prosecute. *See, e.g.*, *Hatton v. Mehrotra*, No. 22-cv-1587, 2022 WL 17146752, at *1 (D.D.C. Nov. 22, 2022). Defendant's motion to stay discovery deadlines, ECF No. 26, is denied as moot.

A separate order consistent with this decision accompanies this memorandum opinion. The Clerk of Court is directed to mail a copy of the opinion and order to Nguyen's two last known addresses, which were included in her counsel's motion to withdraw.

_____
AMIR H. ALI
United States District Judge

Date:   March 12, 2025